JAMES M. WIXSON, impleaded, &c., plaintiff in error, *v.* THE PEOPLE, defendants in error.

Where two or more persons, jointly indicted, are all put on trial together, neither one of the defendants can, until discharged from the indictment, be a witness for or against the others.

Where two or more persons, jointly indicted, are tried separately, one of the defendants not on trial may, by permission of the court, be called and examined as a witness on behalf of the People against the defendant on trial, though the person so called and examined has not been convicted nor acquitted, nor otherwise discharged; but a defendant in a joint indictment cannot, while the indictment is pending against him, be called as a witness for his co-defendants, though he be tried separately. (The case of *The People* v. *Donnelly*, 2 *Park. Cr. R.*, 182, disapproved.)

Though it rests in the discretion of the court to decide whether a co-defendant may, on such separate trial, be called as a witness on behalf of the People,

no formal application is necessary; and where a co-defendant was offered on the trial as a witness, and was objected to on the ground that he was a co-defendant, and could not be sworn except by special leave of the court, and the objection was overruled by the court, the decision was held to be equivalent to an order made on a special application to the court.

Where, on a criminal trial, one of the defendants is a competent witness on behalf of the People, the wife of such defendant is also a competent witness.

It is not erroneous for the court to charge the jury, on the trial of an indictment, that they may convict upon the uncorroborated testimony of an accomplice.

Where, on the trial of Wixson for burglary and larceny, the court charged the jury "that though Wixson had no part in breaking the store and taking the goods, yet if he knew it was to be done by Lockwood and Lee, or either of them, and the goods were immediately taken to his house, and he aided in furnishing a box to secrete the goods, and directed where they should be placed to avoid discovery and prevent the owner from finding them, so as to convert them to his own use, then he was guilty of larceny," the charge was held to be erroneous; and Wixson having been convicted of larceny on such a charge, the judgment was reversed.

A felony may be committed through the instrumentality of an agent without the presence of the principal, when the agent is an innocent party; but if the person employed is guilty, he is the principal in the felony, and his employer is only an accessory.

So, a felony may be committed by a person constructively present, though not actually present; but to be constructively present, he must be of the party and do some act in execution of the common design, or be near enough to the scene of operations to assist in carrying it out, or to aid those who are immediately engaged in it to escape, should necessity require.

ERROR to the Court of Sessions of Steuben county. An indictment had been found against James W. Wixson, Henry Lee and Lester Lockwood, containing three counts. The first was for burglary, the second for larceny, and the third for receiving stolen goods, knowing them to be stolen.

Wixson and Lee demanded to be tried separately from Lockwood, but consented to be tried together. The trial accordingly proceeded against Wixson and Lee.

After several witnesses had been examined on the part of the People, the district attorney called as a witness, Lester Lockwood, one of the prisoners indicted. The counsel for Wixson and Lee objected to his competency as a witness, on the following grounds:

1. That an accomplice cannot be sworn as a witness, except by special leave of the court.

2. That Lockwood being jointly indicted, and the indictment being still pending and undisposed of, he cannot be sworn as a witness for or against those with whom he stands jointly indicted.

The court overruled the objection, and allowed Lockwood to be sworn and examined as a witness in behalf of the People, and the counsel for Wixson and Lee excepted.

Eliza Lockwood, the wife of Lester Lockwood, was also called and examined as a witness on behalf of the People, against the objection of the counsel for Wixson and Lee; and to the decision that she was a competent witness, the counsel also excepted.

The court charged the jury that they had the right to convict on the testimony of the accomplice alone, if they were satisfied that he had testified to the exact truth; to this the counsel for the prisoners excepted.

The court also charged, that it was enough if the accomplice was corroborated as to the material facts, or some of the material facts and circumstances attending the commission of the crime, and that it was not necessary that the public prosecutor should furnish any corroborating evidence connecting the prisoner with the commission of the offense charged in the indictment. To this the prisoners' counsel also excepted.

The court also charged, that though Wixson had no part in breaking the store, and taking the property therefrom, yet if he knew it was to be done by Lockwood and Lee, or either of them, and the goods were immediately taken to his house, and he aided by furnishing a box to secrete the goods, and directing where they should be placed to avoid discovery, and prevent the owners from finding them, so as to convert them to his use, then he was guilty of larceny, and could be convicted for that offense under the indictment. To this the prisoners' counsel also excepted.

The counsel for Wixson and Lee then asked the court to charge that the evidence to corroborate the testimony of the

witness Lockwood must be as to some facts which connected Wixson with the commission of the offense charged, or which connected Wixson with Lockwood in the commission of the offense. The court refused so to charge, to which the counsel for Wixson and Lee also excepted.

The jury found Wixson guilty of petit larceny, and Lee not guilty. Wixson was then sentenced to imprisonment in the State prison for the term of five years.

Whereupon the record was removed to this court by writ of error.

*D. Rumsey,* for plaintiff in error.

I. The court erred in allowing the prisoner, Lester Lockwood to be sworn as a witness, because, 1. Before he could be sworn, it was necessary the district attorney should, on motion, ask and obtain leave to swear him as a witness. (1 *Phillips' Ev.,* 39; *Cowen & Hill's Notes, .part* 1, *p.* 68, *n.* 71; *People* v. *Whipple,* 9 *Cow. R.,* 707, 711.) 2. Lockwood, being jointly indicted with Wixson and Lee, and the indictment still pend-·ing, was not a competent witness for or against his co-defendants. He is a party to the record, and before the Code, could never be a witness. (2 *Cowen & Hill's Notes, p.* 135, *note* 122.) The rule has never been changed in criminal cases. (1 *Arch. Cr. P. & P.,* 154, *note; Rex* v. *Rowland, Ry. & Mood., N. P. R.,* 471; 21 *Eng. C. L. R. and note;* 3 *Cowen & Hill's Notes,* 1510, *n.* 72.)

II. Lockwood's wife was improperly admitted as a witness. If Lockwood was not competent, his wife was not. (2 *Starkie. Ev., part* 4, 708.)

III. The court erred in charging the jury that they had the right to convict on the testimony of the accomplice alone, if they were satisfied he had testified to the exact truth.

It has come to be a settled rule of law that corroboration of the evidence of an accomplice is necessary to warrant a conviction. The jury have no right to be satisfied with less.

See authorities to next point.

IV. The court erred in charging the jury that it was enough

if the accomplice was corroborated as to some of the material facts connected with the commission of the crime, and that it was not necessary to furnish any corroborating evidence connecting the prisoner with the commission of the offense charged in the indictment. (1 *Arch Cr. P. & P.*, 154, 1; *Rex* v. *Webb*, 6 *Car. & Payne*, 595; 25 *Com. L. R.*, 556; *Rex* v. *Addis*, *Id.*, 388; *Id.*, 452; *Rex* v. *Wilkes*, 7 *Id.*, 272; 32 *C. L. R.*, 507; *People* v. *Davis*, 21 *Wend. R.*, 309, 313, 314.)

V. The court erred in charging the jury that although Wixson had no part in breaking the store and taking the property therefrom, yet if he knew it was to be done by Lockwood and Lee, or either of them, and the goods were immediately taken to his house, and he aided, &c., then he was guilty of larceny. (*Wharton's Am. Cr. Law*, 4th ed., § 1811; *State* v. *Harden*, 2 *Dev. & Bat.*, 407, and this is cited as good law in 2 *Arch. C. P. & P.*, 379, 2, *note* 3; 1 *Russell on Crimes*, 8th Am. ed., 26, 27.)

He is at most a receiver of stolen goods, and must be indicted as such under the statute, or

He is an accessory, and must be indicted and tried as such, which cannot be done until after principal is convicted. (*Bacon* v. *People*, 1 *Park. Cr. R.*, 249.)

VI. The court erred in refusing to charge as requested by defendant's counsel. See authorities under fourth point.

The conviction is simply petit larceny. The judgment is five years' imprisonment in State prison.

*C. J. McDowell* (District Attorney), for the defendants in error.

I. Lester Lockwood was a competent witness against his accomplices, and was properly sworn as such.

1. The proceedings constitute a request by the district attorney, that he be sworn, and the granting of that request by the court. The court exercised its *discretion* at the instance of the district attorney.

2. Accomplices have always been held competent witnesses *for the People*, but not for their co-defendants, and this, whether

they were parties to the record or not. (*Cowen & Hill's Notes, part II, p.* 1504, *No.* 57, 71; *Barb. Cr. L.,* 2d *ed.,* 424, *and cases there cited; Am. Cr. L.,* 4th *ed.,* § 783, *and cases there cited.*)

3. While accomplices have been sworn for the People from the earliest periods of criminal jurisprudence, I find no case holding an accomplice incompetent by reason of his being a party to the record until the case of *People* v. *Donnelly* (2 *Park. Cr. R.,* 182).

Mr. Justice CLERKE cites no authority whatever for this decision, while he admits that an accomplice separately indicted is competent, and that there is no good reason for the distinction.

If there is no *reason* for the distinction, some authority ought to be cited for the *distinction* itself.

Neither being a party to the record, nor interest, nor anything else, has rendered a witness incompetent *for the State,* when the public exigencies, to be determined by the court and public prosecutor, require him to be sworn.

"The evidence of accomplices has, at all times, been admitted, either from a principle of public policy, or from judicial necessity, or from both." (*People* v. *Whipple,* 9 *Cow. R.,* 707.)

II. The competency of the wife of Lockwood follows, as a matter of course, from his competency. Besides, on general principles, she is only excluded in those cases (as conspiracy, for example) where the conviction of the defendant necessarily requires the conviction of her husband.

III. The rule is well established that juries may convict on the uncorroborated evidence of an accomplice; and while it is generally discreet that courts should *advise* that the accomplice be corroborated in some essential particulars, it is not a legal necessity nor even a legal requirement. (*Am. Cr. L.,* 4th *ed.,* § 784, *et seq.; Cowen & Hill's Notes, part* 2, 1504, *et seq.; People* v. *Costello,* 1 *Denio R.,* 83.)

IV. The last part of the charge is not explicit, but applicable to this case, and no error can be predicated upon it.

1. To become a principal in larceny as well as any other

crime, a man must be actually or *constructively* present at its commission. (*Am. Cr. L.*, 4th ed., § 1811.)

2. But there is nothing in this case which precludes such presence. He did not assist in the breaking, nor in the *immediate* taking of the property from the store; but, for aught we know, he was in such proximity as to give alarm, or ward off danger, or assist the thief in carrying off his plunder.

The case does not pretend to give all the evidence, and we are, therefore, bound to presume the constructive presence of the defendant.

3. The law does not prescribe the limit, as to nearness or remoteness, which makes a man a principal. The only requisites are, there must be a plan, and an ability to aid and give courage and confidence to the operative thief in executing the plan.

4. But as the above remarks apply to the burglary as well as to the larceny, it is fair to infer that the court intended its remarks to apply to the third count in the indictment.

Receiving stolen goods is a species of larceny — is properly so denominated — is classed with it in our statutes (2 *R. S.*, 680), and may be included in an indictment for larceny proper.

5. The third count in the indictment will uphold the verdict and sentence, notwithstanding any exception taken in this case.

This court cannot, therefore, disturb either.

V. The amendment of the record obviates the last point of the plaintiff in error.

*By the Court*, KNOX, J. Although the three defendants, Wixson, Lee and Lockwood, were jointly indicted, the first two were tried separately from Lockwood.

On their trial Lockwood was admitted, under objection, as a witness for the People. This is alleged as error.

In the case of *The People* v. *Michael Donnelly, impl. with Beals and others* (2 *Park. Cr. R.*, 182), CLERKE, J., says: "It is well settled, and I believe never questioned in this State or England, that when several persons are jointly indicted, one is

not a competent witness either for or against the others, without first being acquitted or convicted, and it makes no difference whether the defendants plead jointly or separately; an accomplice, however, separately indicted, is competent. Whether there is any good reason for this distinction, it is unnecessary to inquire on the present occasion."

This was a general term decision, and we should feel bound to follow it and reverse the judgment in this case, for it determines the very point raised by the counsel for Wixson, were we not convinced that the decision is erroneous beyond all question.

An examination of the cases will show that the correct rule as to the admissibility of accomplices is this: When the persons indicted are all put on trial together, neither can be a witness for or against the others; but when they are tried separately, though jointly indicted, the People may call those not on trial, though not convicted or acquitted or otherwise discharged, with the permission of the court; but they cannot be called as witnesses for each other, though separately tried, while the indictment is pending against them. If acquitted they may be examined, and even if convicted, unless it be for a crime which disqualifies, and then sentence must have followed the conviction. When all are tried together, if the People desire to swear an accomplice, he must in some way be first discharged from the record.

From this it will be seen that there is no such "distinction" as is mentioned by Justice CLERKE, because an accomplice, separately tried, is in the same condition with reference to his competency as an accomplice separately indicted. Certainly, there can be no "good reason" for any such "distinction." (2 *Russ. on Cr.*, 956, 957; 1 *Greenl. on Ev.*, 506, § 363; *p.* 524, § 379, *and cases in notes; Barb. Cr. L.*, 2d ed., 425.) The case of *Rex* v. *Rowland and others*, 1 *Ryan & Moody*, 401; 21 *Eng. Com. Law*, 471; cited by Justice MITCHELL, in his opinion in the case cited from Parker, was where all the defendants were on trial, and hence the necessity, on the part of the prosecution, that the two defendants who

were to be used as witnesses, should be discharged. The indictment was for a conspiracy. The case referred to by the learned justice, in " *Cases Temp.*" *Hardw.*, 163, was when the parties were not separately tried, I conclude; I have not the book at hand; but the case is referred to in Greenleaf, in a connection which authorizes me to say that it is not an authority against the rule which I suppose to be the true one.

The same learned justice says: " Our courts have decided that one defendant in an indictment cannot be a witness for another; it cannot be on the ground of interest, for there is no interest either way; and if it be because he is a party, it applies whether called for the people or his co-defendants."

Undoubtedly, one defendant cannot be a witness for another in the same indictment, unless he have been acquitted, or convicted of an offense which would not disqualify, or in some way discharged from the record; but the reason why the evidence of accomplices has been admitted *for* the government, rests upon reasons of public policy, or the necessity of the case. (*People* v. *Whipple*, 9 *Cow. R.*, 707 ; *People* v. *Costello*, 1 *Denio R.*, 83 ; *See cases above cited.*)

Lockwood was, therefore, properly admitted as a witness. No general application was necessary, although it rests in the discretion of the court, whether an accomplice, already charged with the crime by indictment, shall be admitted.

In this case, the district attorney called Lockwood as a witness. The counsel for the defendants objected " that an accomplice could not be sworn, except by special leave of the court." The court overruled the objection, and allowed the witness to be sworn.

In my judgment, this was tantamount to a formal application for leave to swear the witness, and a determination by the court to accede to the request.

If it was proper to allow Lockwood to be sworn, of course it was no error to admit his wife. She would not have been competent, had her husband been incompetent as an accomplice.

The charge of the judge, that the jury might convict upon the uncorroborated testimony of an accomplice, was clearly right,

and in accordance with all the cases, which are very numerous. (*The People* v. *Costello*, 1 *Denio R.*, 83 ; *The People* v. *Haskins*, 16 *N. Y. R.*, 344 ; *The People* v. *Dyle*, 21 *N. Y. R.*, 578.)

The true rule is briefly but comprehensively stated, in the case from *Denio R.*, just cited, by BEARDSLEY, Justice.

This indictment contains three counts : one for burglary, one for larceny, and one for receiving stolen goods, knowing them to be stolen. The defendant was convicted of *petit larceny*, as appears by the bill of exceptions, and sentenced to the State prison for five years. This judgment — five years in the State prison, for petit larceny, which is punishable only by fine, or imprisonment in the county jail, or both — is manifestly improper. As matter of fact, this could hardly have happened ; and it is said by the district attorney that the conviction was for grand larceny, and that, by mistake, the clerk entered in the minutes a conviction for petit larceny.

If the conviction was really for petit larceny, the judgment must of course be reversed, for the reason suggested; and if for grand larceny, the judgment must be set aside for another reason, to wit: an error in the charge, to which I now call attention.

It seems, by the testimony of Lockwood, upon which, mainly, the conviction of Wixson was had, that he and Lee, at the instigation of Wixson, committed the burglary and larceny charged in the first count of the indictment; and that the property then stolen was taken to the house of Wixson, and there concealed, with his assistance and advice. It does not appear that Wixson was present when the burglary, &c., were committed, nor was he so near that it could be said that he was constructively present. Indeed, the evidence is to the effect that Wixson, although he instigated the burglary, &c., and knew when it was to be committed, was himself, at the time, at home and abed. And yet he was convicted of larceny; and the jury were right in so doing, under the charge of the court, which was: "That although Wixson had no part in breaking the store and taking the goods, yet if he knew it was to be done by Lockwood and Lee, or either of

Wixson *v.* The People.

them, and the goods were immediately taken to his house, and he aided in furnishing a box to secrete the goods, and directing where they should be placed to avoid discovery, and prevent the owner from finding them, so as to convert them to his own use, then he was guilty of larceny."

This charge was clearly erroneous. Under it, Wixson might have been convicted, though he had been a thousand miles from the place where the felony was committed.

That a felony may be committed through the instrumentality of others, though the principal be not present, is well settled, upon the principle, "*qui facit per alium, facet per se,*" which is as applicable to criminal as civil cases. But this is where the "other," or agent, is an innocent party. When the person employed is guilty, he is the principal, and his employer but an accessory. (*The People* v. *Adams,* 3 *Denio R.,* 308; 1 *Russ. on Cr.,* 27.) I speak of crimes which are felonies. In misdemeanors there are no accessories, but all the guilty actors, whether present or absent, are principals. (4 *Denio R.,* 130.)

It is not required that a party should be proved to have been actually, personally present at the commission of a felony, to warrant his conviction as a principal. It is enough that he be constructively present. By this is meant that he must be of the party, and do some act in execution of the common design, or be near enough to the scene of operations, to assist in carrying it out, or to aid those who are immediately engaged in it to escape, should necessity require.

As before observed, the jury, under the charge given, were warranted in convicting Wixson as principal, though they had believed, upon the evidence, that he was neither actually nor constructively present, but miles away from the place where the burglary and larceny were committed.

Why the jury convicted Wixson and acquitted Lee, who was tried with him, I cannot understand.

The testimony against him was certainly as strong as against Wixson.

The fact that he had previously borne a good character did

not, as against the positive testimony of Lockwood as to his complicity in the burglary and larceny, tend to show that he was innocent. If Lockwood was to be believed, there could be no doubt of Lee's guilt, and his previous good character would then avail him nothing. If the jury put so little reliance on Lockwood's testimony, that proof of Lee's previous good character induced them to reject it wholly as to Lee, how could they convict Wixson on the same testimony?

In my opinion, upon the evidence, Wixson could have been convicted only as an accessory to the felony, or as a receiver of stolen goods.

For the error committed in the charge to the jury, the conviction and judgment must be reversed.

---

SUPREME COURT. Broome General Term, July, 1861. *Balcom, Campbell* and *Parker*, Justices.