THE PEOPLE v. DAVID WRIGHT AND NELLIE WRIGHT.

*Accomplice's testimony—Coercion of wife.*

An accomplice, whether or not he is joined in the same indictment with the prisoner, or has already been convicted, is a competent witness for the prosecution provided he is not put on trial at the same time.

Where a wife, participating with her husband in a robbery, throttled the victim and told him to keep still, while her husband and a confederate rifled his pockets, the jury would be justified in finding that she did not act under her husband's coercion but was independently guilty.

Exceptions before judgment from the Recorder's Court of Detroit.    Submitted April 17.    Decided June 4.

INFORMATION FOR ROBBERY.    Defendants bring error.

*J. Logan Chipman* for plaintiffs in error.    One defendant in a criminal case cannot testify for or against another, *Morrissey v. People*, 11 Mich., 327; *Annis v. People*, 13 Mich., 515; *People v. Bill*, 10 Johns., 95; *Com. v. Marsh*, 10 Pick, 57; Tiffany's Crim. Law, 486; 1 Greenl. Ev., § 363; it is conclusively presumed that a wife, helping her husband in a crime, for his benefit and in his presence, acts under his coercion, *State v. Potter*, 42 Vt., 495.

Attorney General *Otto Kirchner* for the People.    An accomplice in crime can testify for the people, *Winsor v. Regina*, 6 B. & S., 143: L. R. 1 Q. B., 390; *Grim v.*

*People*, 14 Mich., 300; *Allen v. State*, 10 Ohio St., 287; *Noland v. State*, 19 Ohio, 131; *People v. Rodundo*, 44 Cal., 538; *George v. State*, 39 Miss., 570; *State v. Brien*, 32 N. J., 414; the presumption that a wife participating with her husband in a crime, acts under his coercion, is not conclusive, *Edwards v. State*, 27 Ark., 493; *Com. v. Eagan*, 103 Mass., 71; *State v. Williams*, 65 N. C., 398; *Uhl v. Com.*, 6 Gratt., 706; *Miller v. State*, 25 Wis., 384; *State v. Parkerson*, 1 Strobh., 169; *Wagener v. Bill*, 19 Barb., 321.

MARSTON, J. An information charging respondents and one William H. Prinz with robbery, was filed in the Recorder's court of the city of Detroit.

Upon the trial of respondents, Prinz, who was awaiting trial upon the same information, was called as a witness on behalf of the people and permitted to give evidence against the respondents, under objection. Was he, under such circumstances, a competent witness for the people?

This question would have been somewhat different, and might have led to a different conclusion, had Prinz been put upon trial with his co-respondents.

An accomplice is a competent witness in behalf of the prosecution, and it makes no difference whether he has been convicted or not, or whether he be joined in the same indictment with the prisoners to be tried or not, provided he be not put upon his trial at the same time. Roscoe's Cr. Ev., 120; 1 Greenleaf Ev., § 379; *Wixson v. People*, 5 Parker Cr., 126; *Taylor v. People*, 12 Hun., 213; 1 Bishop's Cr. Pr., §§ 1079–1080.

The respondents are husband and wife, and it is insisted the court should have instructed the jury, that under the evidence the law *conclusively* presumed the wife was acting under the coercion of her husband.

Upon this subject the court charged: "In regard to Mrs. Wright, the general presumption of law is, that the wife is acting under the coercion of her husband.

Of course she is not to be found guilty ordinarily, but you have a right to consider all the circumstances, and if from all the circumstances you are satisfied she was not under the coercion of her husband, but acted voluntarily, she is as guilty as he."

The charge as given was in my opinion correct. The offense charged was robbery, a felonious taking of the property of another by force. The evidence given on the trial tended to show that in the commission of the offense, Nellie Wright, the wife, "took hold of his (Kent's) throat and told him to keep still," while her husband and Prinz put their hands in his pockets and took what money he had. Under such circumstances the jury would be justified in finding that she was not acting under the coercion of her husband, but that she was an active participant, if not the most active, in the commission of the offense charged. 1 Russell on Crimes, 22; 3 Greenleaf Ev., § 7; Roscoe's Cr. Ev., p. 911.

In my opinion the exceptions were not well taken, and the Recorder's court should be advised to proceed to judgment.

The other Justices concurred.