# Bibb *v.* The State.

*Indictment for Murder.*

1. *Homicide by husband and wife.*—On the trial of the wife for murder, under an indictment against her and her husband jointly, the evidence showed that she held down the arms of the deceased from behind, while her husband struck him on the head with an axe, telling her, with an oath, "to hold him up." *Held*, that the court did not err in instructing the jury that, "on the issue of guilty or not guilty, they should not consider the defendant otherwise than as a *femme sole*;" nor in refusing to instruct them, on request of the defendant, "that they must acquit her unless they believe she acted willingly and voluntarily."

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case, Judy Bibb, was indicted jointly with her husband, Joe Bibb, for the murder of Ed. Stark, "by striking or cutting him with an axe." On the trial of said Judy, who pleaded not guilty, "the State introduced evidence tending to prove that, in said county, and before the finding of the indictment in this case, Ed. Stark was killed by the defendant and her husband, Joe Bibb, by cutting him with an axe, as alleged in the indictment; that the defendant held said Stark from behind, holding down his arms, while her husband cut him in the head with an axe; and that said Joe Bibb, while said killing was being done, was heard to say,

[Bibb v. The State.]

'Hold him up, G— d— it, hold him up.' This was all the evidence necessary to an understanding of the points reserved. The court thereupon charged the jury, among other things, as follows: 'In the trial of this case, on the issue of guilty or not guilty, the jury should not consider the defendant otherwise than as a *femme sole.*' The defendant excepted to this charge, and requested the following charge in writing; 'Unless the jury believe that the defendant acted willingly and voluntarily, they must acquit her.' The court refused this charge, and the defendant excepted to its refusal."

B. C. TARVER, and GORDON MACDONALD, for appellant, cited 1 Bish. Crim. Law, §§ 358–9, 363; 1 Russ. Crimes, 18–25; *People v. Wright,* 38 Mich. 743; *Miller v. State,* 25 Wis. 384; 77 N. Y. 411.

WM. L. MARTIN, Attorney-General, for the State, cited 1 Hale's P. C. 45; 1 Hawk. Pl., book 1, ch. 1; 1 Cooley's Bla. Com., 444; Whar. Crim. Law, § 78; 1 Bish. Crim. Law, § 454; 1 Bennett & H. L. Cases, 85; 14 Amer. & Eng. Encyc. Law, 649; *Com. v. Neal,* 10 Mass. 152, or 6 Amer. Dec. 105; *Hensley v. State,* 52 Ala. 10; Schouler's H. & W. § 74.

CLOPTON, J.—On the trial of defendant for murder, the court instructed the jury: "In the trial of this case, on the issue of guilty or not guilty, the jury should not consider the defendant otherwise than as a *femme sole.*" There is no error in this charge. The presumption of the common law, that when the wife acts with her husband in the commission of a crime, she acts under his coercion, and consequently without guilty intent, is not allowed in all offenses, in the administration of the criminal law. "It may not be positively settled," as has been well observed, "where the line of separation is; but for certain crimes the wife is responsible, although committed under the compulsion of her husband."—1 Bennett & Heard Cr. Cases, 85. The exceptions engrafted on the general rule, are based on the nature, grade and hienousness of the felony; and among these is murder. The rule that the law holds the wife answerable for murder, though committed in the presence of, or in company with her husband, without any presumption that she acted under his coercion, and that she is punishable as much as if sole, is sustained by the great weight of authority.—1 Hale's P. C. 45; 1 Hawk. Pleas, 4; 1 Cooley's Black. Com. 444; 1 Bishop's Cr. L., § 361; 14 Am. & Encyc. of Law, 649.

On the same principles, the charge asked by defendant was properly refused.

Affirmed.