MR & MRS. C. E. MORTON *et ux. v.* THE STATE.*

(*Nashville.*   December Term, 1918.)   ·

1. **HUSBAND AND WIFE.** Criminal responsibility of wife.

At common law, a married woman was not responsible for crimes
   committed in the presence of her husband, except murder and
   treason; but for crimes committed out of her husband's presence,
   she was as responsible as if single.   (*Post, p.* 359.)

Acts cited and construed: Acts 1917, ch. 12.

Cases cited and approved: Shacklett v. Polk, 51 Tenn., 105; Lowry
   v. Naff, 44 Tenn., 370; State v. Cleaves, 59 Me., 298; Mulvey v.
   State, 43 Ala., 316.

2. **HUSBAND AND WIFE.** Commission of crime by wife. Presumption
   of duress by husband. Rebuttal.

Common-law presumption that wife acted under duress of her hus-
   band in committing crime, except murder or treason, was weak,
   and might be rebutted by very slight circumstances.   (*Post, pp.*
   359-360.)

Cases cited and approved:   State v. Cleaves, 59 Me., 298; People v.
   Wright, 38 Mich., 744.

3. **HUSBAND AND WIFE.** Married Woman's Act. Emancipation.

Under the Married Woman's Act of 1913, married women are no
   longer under a disability of coverture, but are completely emanci-
   pated.   (*Post, p.* 360.)

Acts cited and construed: Acts 1913, ch. 26.

Cases cited and approved: Gill v. McKinney, 140 Tenn., 559.

4. **HUSBAND AND WIFE.** Commission of crime by wife. Duress of
   husband.   Married Woman's Act.

In view of the Married Woman's Act of 1913, there is no longer
   any presumption that the wife in committing crime acts under
   the duress of the husband.   (*Post, p.* 360.)

---

*On effect of married women's acts upon husband's liability for
torts of wife, see notes in 30 L. R. A., 521, 14 L. R. A. (N. S.), 1003,
25 L. R. A. (N.S.), 840 and L. R. A., 1915A, 491.

5. **HUSBAND AND WIFE.** Commission of crime by wife. Duress of husband. Rebuttal of presumption.

Where husband and wife were arrested for bringing six or eight sacks of whiskey, containing twenty quarts each, into the State in an automobile, the facts were sufficient to rebut any presumption, if it existed, that wife was acting under husband's duress. (*Post, pp.* 360, 361.)

---

FROM DAVIDSON᷍

---

Appeal from the Criminal Court of Davidson County. —Hon. J. D. B. De Bow, Judge.

Paul W. Hoggins and John Hilldrop, for Morton and wife.

Charles L. Cornelius, Assistant Attorney-General, for the State.

Mr. Chief Justice Lansden delivered the opinion of the Court.

The plaintiffs in error, who are man and wife, were indicted and convicted in the criminal court of Davidson county for violating the so-called Bone Dry Law, (Acts 1917, chapter 12).

In February, 1918, information came to the police officers of Nashville, Tenn., that an automobile load of whiskey was en route from Hopkinsville, Ky., to Nashville. Police officers stationed themselves on the Hopkinsville road near Goodlettsville, in Davidson county, and blockaded the road and arrested plaintiffs in error. They searched the automobile and found "six or eight" sacks in the automobile, each containing about twenty quarts of whiskey.

The contention is made for Mrs. Morton that the proof
fails to show that she had any knowledge of, or interest
in, the whiskey, and all that is shown is that she was
riding in an automobile with her husband.  It is said
that she was under the legal duress of her husband, and
although he is guilty, she is not, because her presence
in the automobile will be attributed by the law to the
duress of the husband.  Many cases are cited in the
brief of learned counsel for this proposition, but in
the view which we take of the case it is not necessary
to review them all.  *Shacklett* v. *Polk,* 4 Heisk., 105;
*Lowry* v. *Naff*, 4 Cold., 370.

Counsel cites the above cases together with many
more, which hold in substance that the legal identity of
the wife is merged in that of the husband at common
law.  The cases cited deal with estates of married
women, and contain the general statement to the fore-
going effect.

It was also the rule at common law that a married
woman was not responsible for crimes committed in the
presence of her husband, except murder and treason.
However, for crimes committed out of the presence of
the husband she was as capable of and as responsible
for as if she were single.  If she committed a crime in
the presence of her husband, excepting murder and trea-
son, it was presumed that she did so under constraint
by him, and she was therefore excused, and he was
presumably guilty.  *State* v. *Cleaves,* 59 Me., 298, 8 Am.
Rep., 422; *Mulvey* v. *State,* 43 Ala., 316, 94 Am. Dec.,
684.

However, the presumption that she acted under the
duress of her husband was small, and it might be re-
butted by very slight circumstances.  *State* v. *Cleaves,*

supra; *People* v. *Wright,* 38 Mich., 744, 31 Am. Rep., 331.

This supposed duress of the wife by the fact of marriage, like all other doctrines built upon the legal identity of husband and wife, must depend upon the disability of the wife by virtue of marriage. By our Married Woman's Act of 1913 (Acts 1913, chapter 26), the policy of this State was completely changed, so that married women are no longer under the disability of covterture, and are completely emancipated. *Gill* v. *McKinney,* 140 Tenn., 559, 205 S. W., 416.

The case cited declares that it was the intention of the legislature to completely emancipate married women, except where such emancipation either is not permitted by a proper construction of the act, or the court is forbidden by sound public policy to attribute such an intention to the legislature. The public policy of the State with respect to the disability of the wife, because of the fact of marriage, is declared by the act referred to, and common law is completely abrogated. See, also, 8 R. C. L., p. 65; 12 Cyc., p. 161.

If the presumption existed in this State that the wife was acting under the duress of her husband, it would be rebutted by the facts of this case. The evidence required for such rebuttal is very slight
ing to show the size of the automobile employed by the Mortons, but it is shown that it contained "six or eight" sacks of whiskey, containing twenty quarts each. The automobile with the whiskey was apprehended by some means not disclosed, and the police officers at Nashville were notified that it was moving from Hopkinsville to Nashville, loaded with whiskey. We think Mrs. Morton must have known of the presence of the whiskey in

Morton v. State.

the automobile, and her guilty knowledge is not attributable to anything other than the quantity of whiskey. She did not testify in the case, and there is nothing to indicate that she was not a participant in the offense of her husband. She rests her case exclusively upon the legal presumption that she was acting under the presumed duress from her husband. We hold this is not sufficient. The case is therefore affirmed.