Evans *v.* State.

(*Knoxville*, September Term, 1948.)

(May Session, 1949.)

Opinion filed July 2, 1949.

J. Frank Bryant and Thos. E. Mitchell, Johnson City, for plaintiff in error.

Nat Tipton, Asst. Atty. Gen., for the State.

638

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant appeals from conviction of the unlawful possession of intoxicating liquor and punishment of $250 fine and 90 days in jail. Defendant was jointly indicted and convicted with his wife, who has not appealed.

Conviction was based on the testimony of the arresting officers. The Defendants introduced no evidence. Law officers went to the Fair Grill, a roadhouse on the Johnson City-Elizabethton Highway, and there bought a pint of whiskey from the wife. Immediately thereafter they searched the premises and found 17-½ pints of whiskey.

The Defendant Clyde Evans was not present at the Fair Grill at the time of the sale and search, and there is no evidence by any witness that he had any knowledge of the whiskey or that it was ever in his possession or control. Other than a statement that Clyde Evans was reputed to live at the Fair Grill, there is no evidence of how long Clyde Evans had been absent, or that he was the owner or lessor of the premises.

"Especially since the passage of the married woman's emancipation legislation in this state, the married woman is as capable of and as responsible for crime as if she were single. *Morton* v. *State*, 141 Tenn. 357, 209 S. W. 644, 4 A. L. R. 264. She is to be regarded, in the contemplation of our criminal statutes, as an independent entity." *Johnson* v. *State*, 152 Tenn. 184, 187, 274 S. W. 12.

Since we are forced to reverse for the insufficiency of proof to sustain the conviction, it is unnecessary to discuss the legality of the search.

Reversed and remanded.

All concur.