MAGGIE JOHNSON *v.* THE STATE.*

## (*Nashville.*   December Term, 1925.)

1. **HUSBAND AND WIFE.** Evidence held to justify conviction of married woman for possessing intoxicating liquor.

In prosecution of married woman for possession of liquor, in violation of Acts 1917, chapter 12, notwithstanding premises on which she was found with intoxicating liquor in her possession were premises of her husband, evidence that she not only attempted to conceal liquor from officers, but actively resisted them justified her conviction. (*Post, pp.* 186, 187.)

Acts cited and construed: Acts 1917, chs. 3, 12.

Case cited and approved: Flora Crocker v. State, 148 Tenn., 106.

2. **HUSBAND AND WIFE.** Married woman regarded as independent entity.

Since passage of married women's emancipation legislation, a married woman is as capable of and as responsible for crime as if she were single, and is to be regarded, in contemplation of criminal statutes, as an independent entity. (*Post, p.* 187.)

Case cited and approved: Morton v. State, 141 Tenn., 357.

3. **JURY.** Judge held without authority to fix fine for liquor violation without a jury verdict.

In view of Constitution, article 6, section 14, and Shannon's Code, section 7212, prohibiting imposition of fine in excess of $50 except by jury, and Acts 1921, chapter 130, fixing minimum fine for liquor violation at $100, a judge cannot lawfully fix a fine for violation of liquor laws without a jury verdict. (*Post, pp.* 187, 188.)

4. **CRIMINAL LAW.** Errors affecting constitutional rights require reversal.

Errors affecting constitutional rights require reversal, and are not saved by Acts 1911, chapter 32. (*Post, pp.* 187, 188.)

---

*On effect of coverture upon the criminal responsibility of woman, see note in 4 A. L. R., 266.

Johnson v. State.

Acts cited and construed: Acts 1921, ch. 130; Acts 1911, ch. 32.
Cases cited and approved: Metzner v. State, 128 Tenn., 45; State v. Green, 129 Tenn., 619; Vinson v. State, 140 Tenn., 70.
Code cited and construed: Sec. 7212 (S.).
Constitution cited and construed: Art. 6, sec. 14.

*Headnotes 1. Husband and Wife, 30 C. J., Section 419; Intoxicating Liquors, 33 C. J., Section 505; 2. Husband and Wife, 30 C. J., Section 419; 3. Criminal Law, 16 C. J., Section 3039 (Anno); Intoxicating Liquors, 33 C. J., Section 553; 4. Criminal Law, 17 C. J., Section 3751.

## FROM DAVIDSON.

Error to the Criminal Court of Davidson County.— Hon. J. C. Edwards, Special Judge.

John W. Hilldrop and Will N. Byers, Jr., for plaintiff in error.

W. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

This was a conviction for violating chapter 12, Acts of 1917, known as the Bone Dry Law. The defendant was tried by the judge without a jury, by consent of parties, found guilty and sentenced to pay a fine of $250, and to serve sixty days in the workhouse.

The assignments relate to the sufficiency of the evidence, particularly in that the liquor is shown to have been found on premises where the defendant resided with her husband, it being insisted that the presumption applied that the liquor belonged to the husband as the head of the house. The case of *Flora Crocker* v. *State,* 148 Tenn., 106, 251 S. W., 914, is relied on.

The indictment contained four counts charging (1) receiving; (2) possessing; (3) transporting interstate; and (4) transporting intrastate. It must be conceded that the evidence does not sustain the transportation charges. The charge of possessing is, however, made out, unless the facts of the case bring it within the holding in *Crocker* v. *State,* supra. That case was a prosecution under chapter 3 of the Acts of 1917; the offense under that act being the keeping of liquor stored on the premises for the purpose of present or future sale. In that case the court not only found that the "premises were under the dominion and control of the husband, not the wife," but that "there is, nothing in the State's evidence which shows that the defendant, rather than her husband, owned or stored the whisky, or that she, and not the husband, was keeping it at their residence for the purpose of present sale."

The instant case, as before stated, is brought under chapter 12, Acts of 1917, which makes it unlawful for any person merely to possess intoxicating liquor, received after the passage of the act, whether intended for personal use or otherwise. The proof is clear that the defendant, Maggie Johnson, was at the time of her arrest in manual possession and control of intoxicating liquor, and exercising acts of concealment thereof, and asserting forcibly

claims to its possession. The evidence shows that she not only attempted to conceal the liquor from the officer, but that he was able to obtain possession of it only "after a scuffle" with the defendant.

Conceding that the defendant was a married woman, and that the premises on which she was found with this intoxicating liquor thus in her possession were the premises of her husband, we are of opinion that the active exercise by her of acts of possession and control bring her within the condemnation of the law, although the mere location of intoxicating liquor on premises owned by the husband and jointly inhabited by the wife would not be sufficient to support a conviction of her for possessing.

Especially since the passage of the married woman's emancipation legislation in this State, the married woman is as capable of and as responsible for crime as if she were single. *Morton* v. *State,* 141 Tenn., 357, 209 S. W., 644, 4 A. L. R., 264. She is to be regarded, in the contemplation of our criminal statutes, as an independent entity. In the instant case, a stranger proven to have exercised such claims of the right to possession of this liquor as the evidence in this case shows with respect to this defendant would be guilty of the statutory offense of possessing, regardless of the ownership of the premises on which the defendant and the liquor happened to be found, and this is none the less true because the defendant is a wife.

However, while not assigned as error, the attention of the court is directed to the fixing of the fine by the judge, without a jury, at the sum of $250. By article 6, section 14, of the State Constitution, and Shannon's Code, section 7212, no fine in excess of $50 may be fixed except by a jury. See *Metzner* v. *State,* 128 Tenn., 45, 157 S. W., 69.

By chapter 130, Acts of 1921, the legislature has fixed the minimum fine in this class of cases at $100. Therefore the constitution is violated if the judge fixes the fine at more than $50, and the statute is violated if he fixed it at less than $100. It results that a fine may not be lawfully fixed for a violation of these liquor laws by the judge without a jury verdict. If the trial judge had fixed the fine at the minimum of $100 prescribed by the statute, *State* v. *Green,* 129 Tenn., 619, 167 S. W., 867, holding the error not reversible, might have been in point, although such a practice, involving a violation of a constitutional provision is not approved. Errors affecting constitutional rights call for a reversal, and are not saved by chapter 32, Acts of 1911. *Vinson* v. *State,* 140 Tenn., 70, 203 S. W., 338. It becomes necessary on this ground to reverse and remand the case for a new trial.