STATE *ex rel.* McMINN *v.* MURRELL.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

E. A. BACHMAN, of Chattanooga, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The relator McMinn was found guilty of assault and battery by the city judge in Chattanooga. On the plea of guilty, after hearing proof, relator was fined $50 and committed to the county workhouse to work out the fine and costs. He filed this petition for *habeas corpus* against the superintendent of the workhouse to procure his release. The trial judge sustained the petition and ordered relator's discharge. The superintendent of the workhouse has appealed.

The argument made to support the conclusion of the trial judge is that the city judge, endowed by statute with the same jurisdiction as a justice of the peace, was without authority to hear and dispose of a charge of assault and battery because that is an offense which may be punished by a fine exceeding $50 or by imprisonment or by both.

The relator relies on section 6 of article 1 of the Constitution providing that the trial by jury shall be preserved inviolate; section 8 of article 1 of the Constitution providing that no man shall be deprived of life, liberty, or property but by the judgment of his peers, etc.; and section 14 of article 1 of the Constitution providing that no person shall be put to answer in a criminal charge but by presentment, indictment or impeachment.

It is conceded that a justice of the peace may entertain jurisdiction of cases in which the defendant is charged with a petty misdemeanor, but it is urged that a misde-

meanor, which may be punished by a fine exceeding $50, or by imprisonment, or by both, is not such petty misdemeanor. The contention seems to be that, even upon a plea of guilty, a justice of the peace is not empowered to deal with an offense of the latter class.

To support this proposition, the principal reliance of relator is certain language used by the court in the recent cases of *State ex rel. Ward* v. *Murrell*, 169 Tenn., 688, 90 S. W. (2d), 945, and *Spurgeon* v. *Worley*, 169 Tenn., 697, 90 S. W. (2d), 948, 950. In the latter case, for instance, it is said: ''When statutes prescribe a minimum fine of less than $50 and maximum fine of more than $50, only a court and jury can assess the punishment.'' It was also said that jurisdiction of such offenses could not be conferred on a special court functioning without a jury and somewhat similar language of like import appears elsewhere in the opinions in the two cases.

All these expressions referred to litigated cases, not to cases submitted on pleas of guilty. There was no intention on the part of the court to question the established jurisdiction of justices of the peace under the small offense law. That law is contained in section 11494 et seq. of the Code and applies only when a ''person brought before a justice of the peace for a misdemeanor, may plead guilty.''

Much the same argument made here was made in the early case of *McGinnis* v. *State*, 28 Tenn. (9 Humph.), 43, 49 Am. Dec., 697, arising under the same law. Among other things, the court said:

''We confess ourselves utterly unable to perceive how either of the sections of the Declaration of Rights referred to, is in the slightest degree infringed by any one of the provisions of the foregoing Act; or that they are

in any respect incompatible with each other. How does this Act 'put the defendant to answer' without his consent; or how, without his consent, deprive him of a trial by jury, as is the true import of the prohibitions contained in the two sections of the bill of rights in question? When brought before the Justice upon warrant, if of sufficient legal discretion to be amenable to the law for his offence, and left to the exercise of his own volition, why may he not be permitted, in order to escape the delay and expense of a formal prosecution in the Circuit Court, to submit to a mere fine, and thereupon be discharged? There is nothing compulsory in the Act. The privilege is for the ease and benefit of the defendant. It is at his election whether to avail himself of it or not. The Justice cannot move a step under the Act, unless the defendant prays the benefit thereof. The proposition, that the privilege secured to defendants by this Act, is a violation of any constitutional right, is scarcely worthy of serious discussion. It involves the palpable absurdity, that a party is deprived of a right which he voluntarily waives or surrenders."

To the same effect are *State* v. *Chaffin*, 32 Tenn. (2 Swan), 493; *Mikels* v. *State*, 50 Tenn. (3 Heisk.), 321; *Rose* v. *State*, 77 Tenn. (9 Lea), 388; *McNulty* v. *State*, 110 Tenn., 482, 75 S. W., 1015; *Bowman* v. *State*, 160 Tenn., 305, 23 S. W. (2d), 658; *Harris* v. *State*, 160 Tenn., 396, 25 S. W. (2d), 586.

Under *Ross* v. *State*, *supra*, although a defendant be brought before a magistrate upon a warrant charging him with assault with intent to kill, nevertheless, since a charge of assault and battery is included in the higher charge, the magistrate can, upon a plea of guilty of assault and battery, proceed to assess punishment for that

offense within his jurisdictional limitations. This principle is recognized in the *Mikels Case,* the *McNulty Case,* the *Harris Case,* and the *Bowman Case.*

■ We take it that a defendant, so far as he is concerned, may waive his right to a jury trial, and may waive his right to demand that proceedings against him be based on an indictment, presentment, or impeachment. These are personal privileges. The defendant cannot, however, by such waiver, confer jurisdiction on a magistrate to entertain a prosecution for a felony or misdemeanor in which a fine of more than $50 is to be assessed. This is so because the jury is an integral part of the tribunal authorized to hear the most of such cases, and because of article 6, section 14, of the Constitution, providing that no fine shall be laid on any citizen that exceeds $50 unless assessed by a jury of his peers. Such is the meaning of *Scopes* v. *State,* 154 Tenn., 105, 289 S. W., 363, 53 A. L. R., 821; *Upchurch* v. *State,* 153 Tenn., 198, 281 S. W., 462; *State* v. *White,* 132 Tenn., 203, 177 S. W., 478; *Metzner* v. *State,* 128 Tenn., 45, 157 S. W., 69; *State* v. *Schlitz Brewing Co.,* 104 Tenn., 715, 59 S. W., 1033, 78 Am. St. Rep., 941. For a collection of authorities discussing the general rule as to waiver of a jury in felony cases, see notes, 48 A. L. R., 767, and 58 A. L. R., 1031.

■ A plea of guilty does not enlarge the jurisdiction of the court as a matter of course. A plea of guilty in a magistrate's court admits that defendant is guilty of a small offense, punishable by a fine not exceeding $50. All that is submitted to the magistrate, for final adjudication, therefore, under a plea of guilty in a misdemeanor case is a petty misdemeanor—a misdemeanor that cannot be punished by a fine exceeding $50. The jurisdiction of the

magistrate to assess punishment in a case like this is too well established to be questioned.

The judgment of the court below is accordingly reversed, and the relator will be remanded to the custody of the superintendent of the county workhouse.