THOMPSON *v.* STATE.

*(Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

R. M. MURRAY, of Huntingdon, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This case affirmatively discloses that the defendant "requested that his case be tried before the Court without the intervention of a jury" upon an indictment which charged him with the illegal possession of whiskey. The undisputed evidence is that the amount of whiskey involved is more than a quart. Hence, the minimum fine required by the statute is $100.00. Williams' Code, Section 11221. Pursuant to this request the case was tried by the Trial Judge without a jury. Thompson was found guilty and in addition to a workhouse sentence the minimum fine of $100.00 allowed by statute was assessed by the Trial Judge.

The motion for a new trial did not assign as error the fact that the Judge rather than the jury assessed this fine of $100.00. Nor is it assigned as error upon this appeal by Thompson.

However, the brief submitted in behalf of the State calls this situation to the attention of the Court because of Section 14, Article 6 of our Constitution providing that:

"No fine shall be laid on any citizen of this State, that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers."

This brief then discusses the previous holdings of this Court when confronted with a like situation and concludes with the opinion that the case should not be reversed because of the violation of this provision of the Constitution. The reason given is that the jury could not have assessed a fine of less than $100.00; therefore, that the error was not prejudicial.

In *Johnson* v. *State,* 152 Tenn. 184, 274 S. W. 12, the Trial Judge without a jury fixed the fine of the defendant at $250.00 after finding him guilty of possessing whisky. Upon the appeal of that case this action of the Trial Judge was not assigned as error. Nevertheless, this Court felt that it should take cognizance of the matter and did so, reversing the case because of the violation of the aforementioned provision of the Constitution. That case calls attention to the fact that errors affecting constitutional rights call for a reversal and are not saved by Code, Section 10654.

■ Under the authority of the Johnson case, supra, and on principle, it seems to be the duty of this Court to consider the effect of this action of the trial judge, notwithstanding the fact that it was in response to the defendant's request and is not assigned here as error.

In *Metzner* v. *State,* 128 Tenn. 45, 157 S. W. 69, 70, the judge without a jury found Metzner guilty of selling

whiskey and imposed a fine of $400.00 in addition to a sentence. The judgment was reversed because:

"Power or jurisdiction to inflict a fine exceeding $50 having been by law conferred upon a jury alone, and withheld from the judges, no waiver or consent of parties can be invoked to endow a judge with this jurisdiction." The minimum fine which could have been given in that case was $100.00.

In *State* v. *Green,* 129 Tenn. 619, 167 S. W. 867, 868, the defendant after trial by the judge without a jury was convicted of transporting whiskey and assessed with a fine of $100.00. That was the minimum at which the fine could be fixed under the law by a Jury. This Court held:

"While it was error for the court to assess the fine without submitting the question of its amount to the jury, it is not reversible error, because he exercised his assumed power for the benefit of the plaintiff in error." This holding in the Green case was said by *Gass* v. *State,* 130 Tenn. 581, 599, 172 S. W. 305, 310,. to be "sound when confined to its facts, but its doctrine will not be extended".

In *Johnson* v. *State* 152 Tenn. 184, 274 S. W. 12, 13, the judge without a jury, after finding the defendant guilty of either transporting or possessing whiskey, assessed a fine of $250.00 in addition to a workhouse sentence. Although this was not assigned as error as heretofore noted, this Court took cognizance of it of its own motion, and set aside the judgment because the fine was assessed by the judge rather than the jury. In doing this the Court observed that:

"If the trial judge had fixed the fine at the minimum of $100 prescribed by the statute, *State* v. *Green,* 129

Tenn. 619, 167 S. W. 867, holding the error not reversible, might have been in point, although such a practice, involving a violation of a constitutional provision is not approved."

During that same term of this Court in *Upchurch* v. *State*, 153 Tenn. 198, 281 S. W. 462, 464, this Court reversed and remanded because the trial judge assessed a fine of $100.00 which was the minimum at which it could have been fixed by the jury, and said:

"We cannot adhere to the result in *State* v. *Green*, 129 Tenn. 619, 167 S. W. 867, where the court refused to reverse because the jury could not reduce the fine below the minimum fixed by statute. The citizen is entitled to the benefit of the protection afforded by the Constitution."

In *Scopes* v. *State*, 154 Tenn. 105, 121, 289 S. W. 363, 53 A. L. R. 821, the Trial Judge imposed the minimum fine of $100.00 authorized by the statute involved in that case. This Court citing *Upchurch* v. *State*, held this to be reversible error. The holding in the Scopes and Upchurch cases was again approved in *State ex rel. McMinn* v. *Murrell*, 170 Tenn. 606, 610, 98 S. W. (2d) 105.

At first blush, it seems rather foolish to reverse and remand this case because the Judge rather than the jury "laid" as a fine the smallest amount that the jury would have been allowed to assess upon a finding of guilt. Nevertheless, such action upon the part of the judge, though at the request of the defendant, was an unintentional violation of the plain mandate of the constitutional provision mentioned. It is common knowledge that often "a little trend goes a long way". So, a question of public policy is likewise involved.

Moreover, the trial judge in assessing a fine of more than $50.00 exceeded his jurisdiction. When jurisdiction is affirmatively withheld it cannot be conferred by consent. In *Upchurch* v. *State, supra,* it was held that:

"Jurisdiction . . . to lay fines exceeding $50 is . . . expressly conferred upon the jury" to the exclusion of the judge.

So, a jurisdictional question as well as a constitutional question is involved. That seems to have been overlooked in the subsequently overruled case of *Green* v. *State, supra.*

*Johnson* v. *State, Upchurch* v. *State,* and *Scopes* v. *State, supra,* control the question stated. Under the holding in those cases, we feel compelled to reverse and remand this case because the Trial Judge exceeded his jurisdiction in assessing this fine.

All concur.