STATE OF TENNESSEE

*v.*

WILLIAM P. MOORE.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

THOMAS E. FOX, Assistant Attorney General, for plaintiff in error.

JERRY COLLEY, MACFARLAND & COLLEY, Columbia, for defendant in error.

Mʀ. Jᴜsᴛɪᴄᴇ Tᴏᴍʟɪɴsᴏɴ delivered the opinion of the Court.

In this criminal case the indictment by its four separate counts charged Moore with illegally (1) receiving, (2) possessing, (3) possessing for present or future sale, whiskey, and (4) personally transporting more than one gallon of whiskey in Maury County.

An order in the technical record recites that both State and defendant waived a jury trial, and that at the conclusion of the State's evidence the defendant moved the Court "to quash and dismiss the indictment because of an illegal search". The Court sustained that motion and adjudged "that said indictment is hereby quashed and dismissed". It is from this action of the Trial Court that the County Attorney excepted and prayed an appeal to this Court. The appeal was allowed.

The record in no way indicates the grounds upon which the exception was based and appeal prayed. A fair inference is that the reason for the County Attorney's

action is that he conceived it to be reversible error for the Trial Court "to quash" the indictment. It is properly conceded in this Court by all parties to the litigation that the indictment is entirely valid. Hence, a motion to "quash", within the actual meaning of the word, "quash", was not well taken. So, if the motion be literally construed the order sustaining it was error from which an appeal would lie.

Considering the Court's order as a whole, the Court thinks that the word "quash" as used by the attorney for the defendant in his motion was a mere "slip of the tongue". The motion, as recited in the judgment, is that the defendant "moved the Court to quash and dismiss the indictment *because of an illegal search*". (Emphasis supplied.) In short, properly construed, the motion was in fact that a verdict for the defendant be directed because the evidence upon which the prosecution is based was the result of an illegal search.

The Court's order in sustaining the motion, notwithstanding his use of the expression "quash" seems to so construe the defendant's motion. That order recites that the motion is sustained because it "appears (ing) to the Court that said search was made without a search warrant and was in fact an illegal search". The Court, following the "slip of the tongue" expression of the attorney for the defendant, inadvertently, perhaps, fell into the same error in the use of that word when he actually adjudged the defendant not guilty because of the evidence being illegally obtained.

In this Court the insistence of the State's Assistant Attorney General is that the order acquitting defendant is without effect, in that the Court was without authority

to try the case without a jury. This insistence is based on the fact that the fourth count, charging the transportation of more than one gallon of whiskey, is a felony. Section 39-2509, T.C.A. The State says that a defendant cannot waive a jury trial upon an indictment charging him with a felony.

An examination of the authorities discloses it to be a fact that there is a considerable difference of opinion between textwriters and courts as to whether a defendant can legally waive a jury trial in a felony case. See 31 American Jurisprudence, pages 48, et seq., and 50 C.J.S. Juries sec. 86 pages 792, et seq., and the decisions cited under these texts.

■ A decision of that question in this case would be dictum in that the case below was disposed of solely on a question of law, to-wit, whether or not the search which produced the evidence of defendant's guilt was a legal search. "There is no right to jury trial where there is no issue of fact but only a question of law in a case". 31 American Jurisprudence, under title "Jury", Section 15, page 22, and authorities thereunder cited.

The error, if any, therefore, in proceeding to trial without a jury was harmless, in that it was the court's duty to determine whether the search in question was legal and to instruct the jury to that effect. And it would have been the jury's duty to follow that instruction with the same result, acquittal, as that reached by the Trial Judge.

In affirming this case, for the reasons stated, it is perhaps not amiss to observe that if the Trial Judge had determined that the search was legal; hence, that the defendant was guilty, it would still have been necessary

for a jury to have been impaneled before finally disposing of the case, unless it was further found by the Trial Judge that the amount transported, etc., did not exceed one quart. With the exception stated, the statute with reference to the offenses charged, in addition to the permissible or required jail or penitentiary sentence, requires in every instance a fine of not less than $100. Section 39-2512, T.C.A.

■ Section 14 of Article 6 of the State Constitution provides that "no fine shall be laid on any citizen of this State, that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers". In view of that constitutional prohibition, a judge cannot impose a fine of more than $50 "even by consent of the accused". *Upchurch v. State,* 153 Tenn. 198, 281 S.W. 462, 464; *Thompson v. State,* 190 Tenn. 492, 230 S.W.2d 977. Hence, the necessity in this case of impaneling a jury to fix the fine within the amounts required by the statute, in the event a conviction had resulted.