548

W. J. Seale

*v.*

Mark H. Luttrell, Superintendent.

428 S.W.2d 312.

(*Jackson,* April Term, 1968.)

Opinion filed May 17, 1968.

Hugh W. Stanton, Jr., Assistant Public Defender of Memphis, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and ALBERT D. NOE, IV, Assistant Attorney General, Nashville, for the State.

PHIL M. CANALE, JR., Memphis, prosecuted case in trial court.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The only question involved in this case is whether or not T.C.A. sec. 40-2504, as amended in 1965 and carried in the Supplement to the Code of 1967, is constitutional. The amendment to this statute provides for the waiver of a trial by jury both as to guilt and punishment.

Petitioner was indicted for larceny and receiving stolen property in two cases. He filed a motion to waive the jury and submit his case to the trial judge, as to both guilt and punishment. This motion was concurred in by the plaintiff in error, his counsel and counsel for the

State. The motion was granted and petitioner then entered a plea of guilty, which was accepted by the trial court, and the petitioner was sentenced to one and three year terms to be served in the Shelby County Penal Farm, consecutively.

After this, the petitioner filed a petition for the writ of habeas corpus in which the constitutionality of T.C.A. sec. 40-2504, Supplement, 1967, was the only question raised. The petition was answered by the local District Attorney, was argued, and the trial court sustained the constitutionality of the statute and dismissed the petition. The present appeal comes from this dismissal.

We have excellent briefs both by the plaintiff in error and the State in which they both agree that the statute is constitutional.

There is one assignment of error, to-wit:

"The trial Court erred in dismissing appellant's amended petition for a Writ of Habeas Corpus because T.C.A. Section 40-2504 authorizing waiver of trial by jury violates the following sections of the Constitution of the State of Tennessee: Art. I, Sec. 6, Art. I, Sec. 8, Art. I, Sec. 9, and the Fourteenth Amendment to the Constitution of the United States."

The pertinent portion of the statute questioned is:

"Nothing in sec. 40-2707 or elsewhere in this code shall prevent any person indicted or charged in a court of record for the alleged commission of a felony from waiving his right to a trial by jury and submitting his case to the trial judge for decision both as to guilt and punishment, provided a motion to do so is seasonably made by the defendant, concurred in by the district

attorney-general, and granted by the court, said motion being attested to by the defendant and his attorney and spread upon the minutes of the court. In the event conviction results after such waiver the court shall fix punishment in accordance with the provisions governing a jury as set out in sec. 40-2707 and elsewhere in this Code.

"This section shall not be construed or invoked to deny any person of the right of trial by jury as such right exists under the common law."

Obviously this is a test case so that criminal trial judges of the State may be guided when questions, as here, are submitted. We think the question is answered in our case of *Jones v. State,* 206 Tenn. 245, 332 S.W.2d 662. The answer to one question raised in the *Jones* case we think answers the question here. The accused in that case sought to waive a trial by jury and have his case tried by the trial judge. The trial judge denied him this right on the theory that such procedure was not authorized. This Court affirmed this ruling and used the following language on page 253 of the state report, on page 666 of 332 S.W.2d 662:

"Adverting then to the concurring opinion of the Chief Justice in our Simmons case [*State v. Simmons,* 199 Tenn. 479, 287 S.W.2d 71] supra, we think that his language is equally appropriate in the case of a felony wherein on page 493 of 199 Tenn., on page 78 of 287 S.W.2d he said:

" 'But where the Constitution is silent, as in the case at bar, as to his right to waive a jury trial, and the statute authorizes it under proper safeguards, this Court should not deny him that right under the

pretense, or fallacious theory, that the Act is unconstitutional.'

"Since there is no such statute on our books, however, we think the trial judge was not in error in refusing this request for a waiver of a trial by jury and the assignment is overruled."

It seems to us that the statute here in question was amended so as to meet the proposition just stated in the *Jones* case. We think there is no argument about the proposition and that a proper interpretation of the quotation just above from the *Jones* case is that one might waive a trial by jury and that such a waiver would be constitutional if there was a statute permitting the same. Clearly, there are "proper safeguards" incorporated in the statute involved in this case. A thorough and full discussion of the question at bar is found in 50 C.J.S. Juries sec. 86, and supports the proposition that such a statute is constitutional.

The record shows that this plaintiff in error did knowingly, intelligently, and with advice as to his right to a jury trial, waive the same and all of which was concurred by his counsel and his motion to do so was granted by the trial court.

The relevant portions of the Tennessee Constitution alleged applicable are:

Art. 1, Sec. 6. "That the right of trial by jury shall remain inviolate, * * *"

Art. I, Sec. 8. "That no man shall be * * * deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."

Art. I, Sec. 9. "* * * the accused hath the right to * * * a speedy public trial, by an impartial jury * * *"

■ None of these provisions make it mandatory that all felony cases be tried by a jury. The Constitution though does give a defendant in felony cases the right to a jury, just as it gives him many other rights which are all intended for his benefit.

■■ At common law a defendant had no right to waive a trial by jury. *Jones v. State,* supra; *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). In this State we have long recognized that our Constitution did not prevent a defendant from waiving this right to a jury trial in a misdemeanor case. *Cates v. State,* 198 Tenn. 270, 279 S.W.2d 262 and *State v. Simmons,* 199 Tenn. 479, 287 S.W.2d 71, wherein a portion of the concurring opinion of the Chief Justice was quoted above in *Jones,* supra. We have heretofore referred to 50 C.J.S. Juries sec. 86, where it is said:

"In many jurisdictions an accused may waive his right to a jury trial, and such right to a jury trial may be waived even in felony cases, at least where the legislature has so provided and there is no constitutional provision making a trial by jury mandatory for the offense involved. Under this view an accused may waive the right to a jury trial given him by statute, and may even waive a constitutional right to a jury trial * * *"

Note 74. *"Reason for rule*

"Since trial by jury confers burdens as well as benefits, an accused should be permitted to forego the privilege of a jury trial when his competent judgment counsels him that his interests are safer in the keeping

of the judge than of the jury.—*Adams v. United States ex rel. McCann,* N.Y., 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435.''

The constitutional provisions heretofore quoted and relied upon by the defendant herein were discussed at length very ably and intelligently in *State v. Simmons,* supra, and especially in the concurring opinion in that case. In this opinion this Court arrives at the conclusion that the right of a jury trial ''shall remain inviolate'' at the instance of the accused, citing authorities.

In *Singer v. United States,* supra, that court was discussing the Federal Rules with regard to Criminal Procedure, which are strikingly similar to the amendment to T.C.A. sec. 40-2504 here in question. The defendant wanted to waive a jury but the Government insisted upon a jury trial. It was argued by the defendant that in a Federal Criminal Court he had not only an unconditional right to a trial by jury but also an absolute right to have his case decided by a judge alone if he thought it. was to his advantage. The court cited other cases and, among other things at page 790 of 85 S.Ct., said this:

''A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him.''

And the court likewise in that case states that a number of states have approved statutes waiving this right to a trial by jury, setting forth various states and the con-

stitutional questions involved, all of which brings us to the question again that this simply confirms our view that unquestionably such statute is constitutional.

In *Hallinger v. Davis,* 146 U.S. 314, 13 S.Ct. 105, 36 L.Ed. 986, the Supreme Court of the United States reviewing a New Jersey case used language which to us is very convincing, and conclusive of the question as far as we are concerned herein, when that court said:

"Upon the question of the right of one charged with crime to waive a trial by jury, and elect to be tried by the court, when there is a positive legislative enactment, giving the right so to do, and conferring power on the court to try the accused in such case, there are numerous decisions by state courts upholding the validity of such proceeding." (Citing a number of cases.)

In *Adams v. United States ex rel. McCann,* supra, which was cited in *Jones v. State,* supra, the Supreme Court of the United States again made a very definite pointed statement which supports our conclusion herein when it said:

"The short of the matter is that an accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury and so likewise may he competently and intelligently waive his Constitutional right to assistance of counsel. There is nothing in the Constitution to prevent an accused from choosing to have his fate tried before a judge without a jury even though, in deciding what is best for himself, he follows the guidance of his own wisdom and not that of a lawyer."

556

The question of a waiver has been discussed very thoroughly and at length by this Court in the recent published opinion of *State ex rel. Barnes v. Henderson,* 220 Tenn. 719, 423 S.W.2d 497 (1968), and without quoting what was there said we refer those interested to a discussion of this question by this Court, beginning at the bottom of page 729 of 220 Tenn. and 502 of 423 S.W.2d.

After giving the matter a very thorough consideration and making an independent investigation as well as reading the cases cited in the excellent briefs, we think unquestionably that the statute here in question is constitutional, and thus the judgment of the trial court is affirmed.