STATE of Tennessee, Appellant,

v.

**David John DURSO, Appellee.**

Supreme Court of Tennessee.

Feb. 7, 1983.

**754**

J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, for appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

Robert W. Ritchie, Richard A. Hamra, II, Knoxville, for appellee.

## OPINION

HARBISON, Justice.

In this Court the sole question presented is whether the provisions of Article VI, Section 14, of the Tennessee Constitution, requiring that fines in excess of fifty dollars be imposed by a jury, may be waived in a felony case. We are of the opinion that such waiver is permissible. The judgment of the Court of Criminal Appeals to the contrary is reversed.

The issue is important in the administration of criminal law in this state, especially in view of the recently enacted Tennessee Criminal Sentencing Reform Act of 1982, T.C.A. §§ 40–35–101 to –504.[1] It is an issue upon which there appears to be diversity of opinion among the bench and bar of the state, including different panels of the Court of Criminal Appeals, one of which reached a conclusion contrary to that of the panel deciding the present case.[2]

### A. The Instant Case

Appellee, David John Durso, pled guilty to possession of cocaine for resale, the offense having occurred on May 26, 1980.

The provisions of T.C.A. § 52–1432(a)(1)(B) made this offense a felony punishable by a penitentiary sentence of from four to ten years and a fine not to exceed fifteen thousand dollars.

Appellee sought unsuccessfully to suppress evidence seized in connection with his arrest. After the suppression hearing, advised by counsel experienced in the criminal practice and procedure of this state, appellee entered a plea of guilty to the charges and waived trial by jury both as to guilt and punishment. The State concurred but agreed that appellee might preserve for appellate review the suppression issue pursuant to Rule 37(b), Tennessee Rules of Criminal Procedure. The trial judge imposed a penitentiary sentence and a fine of $15,000.

The Court of Criminal Appeals affirmed the decision of the trial court with respect to the search question, and this Court denied review.

The Court of Criminal Appeals, however, sua sponte, held that the trial judge sitting without a jury had no jurisdiction to impose a fine in excess of fifty dollars because of the provisions of Article VI, Section 14, of the state constitution. This Court granted review of that issue.

### B. The Constitutional Provisions

Contained in the original State Constitution of 1796 and carried forward into all of the subsequent state constitutions is the following provision, now designated Article VI, Section 14:

"No fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars."

Our research has not revealed any comparable provision in the constitutions of the original thirteen states or of any other states admitted to the Union near the time of the admission of Tennessee in 1796 as the

---

1. See especially T.C.A. § 40–35–301(b), providing that upon waiver of a jury, the trial judge may lawfully "fix the fine at any amount which the jury could have."

2. *State v. Harless,* 607 S.W.2d 492 (Tenn.Cr. App.1980) (review not sought in the Supreme Court).

third state accepted after the ratification of the United States Constitution. There is no similar provision in that Constitution.

Elsewhere in the state constitution, especially in the Bill of Rights contained in Article I, are fundamental guarantees of individual liberties and rights, including the right to a jury trial[3] and a prohibition against the imposition of "excessive fines."[4] There are other restrictions, growing out of the colonial experience, limiting the charge of the judge to the jury.[5]

While our research has revealed little by way of comparable provisions to Article VI, Section 14, in other states, the article itself has been construed many times by the courts of this state. Something of its history and purpose appears in some of these decisions. In *France v. State,* 65 Tenn. 478 (1873), the Court stated that the provisions of this article were "manifestly an amplification of the provision contained in sec. 16, art. 1, against the imposition of excessive fines." 65 Tenn. at 485. The Court referred to a similar provision in the English Bill of Rights and quoted Blackstone as stating that origin of that provision had to do with "some unprecedented proceedings in the Court of Kings' Bench, in the reign of King James II." *Ibid.*

In that case the Court stated that the provision was "aimed at the abuse of the unlimited power of courts in respect to fines," but was not intended as a limitation upon the power of legislation. 65 Tenn. at 486. The Court construed the provision as applying only to cases where discretion is given as to the amount of the fine and as not applying to cases where the General Assembly has peremptorily fixed a fine at a specific amount.

Probably the leading case construing this constitutional provision is *Metzner v. State,*

128 Tenn. 45, 157 S.W. 69 (1913). In that case the accused was tried before a circuit judge without a jury, found guilty, and given a jail sentence and a fine of four hundred dollars. This Court remitted the fine to fifty dollars and rejected the insistence of the State that the accused, having waived a jury trial, had also waived the provisions of this article, thereby enabling the trial judge to become "vested with all the functions and powers of a jury," including the imposition of any fine which the jury might have imposed. 128 Tenn. at 46, 157 S.W. at 69.

Holding to the contrary, the Court said:

"The section of the constitution quoted seems to confer upon a jury the exclusive right of assessing a fine in excess of $50. The language is that no fine exceeding that amount shall be imposed, unless assessed by a jury.

"In our opinion, this constitutional provision withholds from the court or judge the right to inflict fines exceeding $50, and confers upon the jury exclusive power or jurisdiction to impose fines above that sum.

. . . .

"This is a matter of jurisdiction. Jurisdiction is conferred by law, and cannot be conferred by consent.

"Power or jurisdiction to inflict a fine exceeding $50 having been by law conferred upon a jury alone, and withheld from the judges, no waiver or consent of parties can be invoked to endow a judge with this jurisdiction." 128 Tenn. at 47, 157 S.W. at 69–70.

No authority was cited by the Court for this statement, but the Court continued its opinion with the following, which seemingly was a predicate for the decision:

---

**3.** Article I, Sections 6, 9.

**4.** Article I, Section 16.

**5.** Article VI, Section 9. This provision, prohibiting the judge from charging a jury "with respect to matters of fact," was intended to prohibit the British practice of "summing up" at the end of the evidence. *Ivey v. Hodges,* 23 Tenn. 154 (1843). Other restrictions upon the

role of the trial judge in felony trials were carried in statutes in this state for many years, requiring that "every word" of the judge's charge to the jury "shall be reduced to writing." *See* T.C.A. § 40–2516. Although the statute was repealed in 1979, this provision was carried forward intact into Rule 30(c), Tennessee Rules of Criminal Procedure.

"In all jurisdictions, practically, it is held that a defendant cannot waive a jury trial in a felony case. The strongest reason given for this rule is that a jury is an essential part of the Court having jurisdiction to try such offenses, and such jurisdiction cannot be conferred by consent of parties upon a court organized without a jury." 128 Tenn. at 48, 157 S.W. at 70.

The holding of the *Metzner* case has been followed in a long line of subsequent decisions, some of which cited it and some of which did not. These cases arose in many different contexts, some involving misdemeanors, some felonies, some where there was a waiver of jury trial and others where this did not occur. In *State v. White,* 132 Tenn. 203, 177 S.W. 478 (1915), a statute authorized the imposition of a jail sentence and a fine in excess of one hundred dollars "at the discretion of the court." The word "court" was held to include the trial jury as an integral part thereof. As thus construed the statute was held not to violate the constitutional provision here under consideration.[6]

In *Johnson v. State,* 152 Tenn. 184, 274 S.W. 12 (1925), this Court, sua sponte, set aside a fine of two hundred fifty dollars assessed by a judge sitting without a jury by consent, and held that:

"[T]he constitution is violated if the judge fixes the fine at more than $50, and the statute is violated if he fixed it at less than $100. It results that a fine may not be lawfully fixed for a violation of these liquor laws by the judge without a jury verdict." 152 Tenn. at 188, 274 S.W. at 13.

In *Upchurch v. State,* 153 Tenn. 198, 281 S.W. 462 (1926), there was an unclear record respecting a jury trial, but the verdict as recorded indicated that the trial judge, rather than the jury, imposed a fine of one hundred dollars. This Court said:

"It has never been supposed that judges could lay a fine exceeding $50

under statutes that prescribe a maximum and minimum, from and to which it would be necessary for the courts to exercise a discretion in fixing the amount.

. . . .

"The jurisdiction or power to lay fines exceeding $50 is expressly withheld from the judges and expressly conferred upon the jury. The object of the limitation upon the power to lay fines was to prevent judges from imposing unreasonable fines, and to prevent confiscation of the citizen's substance under the guise of a statute applied by a judicial tribunal. This purpose is clearly expressed and requires no elaboration.

". . . The citizen is entitled to the benefit of the protection afforded by the constitution." 153 Tenn. at 204–205, 281 S.W. at 464.

The judgment in the well-known case of *Scopes v. State,* 154 Tenn. 105, 289 S.W. 363 (1927), was reversed because the trial judge rather than the trial jury assessed a fine in excess of fifty dollars. It should be emphasized, however, that there was no waiver of a jury trial or of the constitutional provisions involved here in the *Scopes* case, or in the *Upchurch* case, *supra.*

Commenting upon the foregoing authorities, the Court in *State ex rel. McMinn v. Murrell,* 170 Tenn. 606, 98 S.W.2d 105 (1936), summarized the law as it then stood as follows:

"We take it that a defendant, so far as he is concerned, may waive his right to a jury trial, and may waive his right to demand that proceedings against him be based on an indictment, presentment, or impeachment. These are personal privileges. The defendant cannot, however, by such waiver, confer jurisdiction on a magistrate to entertain a prosecution for a felony or misdemeanor in which a fine of more than $50 is to be assessed. This is so because the jury is an integral part of the tribunal authorized to hear the most of such cases, and because of article

---

**6.** For an earlier decision to the same effect see *State ex rel. Astor v. Schlitz Brewing Co.,* 104 Tenn. 715, 739, 59 S.W. 1033, 1038 (1900) (the term "court" was intended "as a collective word," "indicating both judge and jury").

6, section 14, of the Constitution, providing that no fine shall be laid on any citizen that exceeds $50 unless assessed by a jury of his peers." 170 Tenn. at 610, 98 S.W.2d at 106.

Shortly thereafter, in *Daniels v. State,* 176 Tenn. 181, 184, 140 S.W.2d 148, 149 (1940), the Court said that a trial judge "is without power" to fix a fine of one hundred dollars, the minimum under the statute there involved.

To the same effect see *Thompson v. State,* 190 Tenn. 492, 230 S.W.2d 977 (1950), where a fine of one hundred dollars was imposed by the trial judge, the defendant having expressly requested that the case be tried without a jury. The Court stated that at first blush "it seems rather foolish" to remand the case for a jury trial when the judge had fixed the smallest amount which the jury could have imposed, but it felt that that result was compelled by the foregoing authorities.

Other cases could be mentioned, but the foregoing represent most of the leading cases construing Article VI, Section 14, prior to 1950.

### C. *Waiver of Jury Trial in Felony Cases*

Running throughout the above cases and others to be mentioned herein was a theme of uncertainty as to whether an accused in a criminal case could or could not waive trial by jury. Even under a plea of guilty, statutes, not repealed until 1979, required the impaneling of a jury "to hear the evidence and fix the time of confinement" in felony cases unless otherwise provided in other sections of the Code. T.C.A. § 40–2310 (now repealed).

This uncertainty, reflected in the *Metzner* case, *supra,* and seemingly an integral basis for the decision, was also reflected in two opinions of this Court decided in 1960. In *State v. Moore,* 206 Tenn. 95, 332 S.W.2d 176 (1960), the State Attorney General insisted "that a defendant cannot waive a jury trial upon an indictment charging him with a felony." 206 Tenn. at 98, 332 S.W.2d at 177. Responding to that insistence the Court said:

"An examination of the authorities discloses it to be a fact that there is a considerable difference of opinion between textwriters and courts as to whether a defendant can legally waive a jury trial in a felony case." *Ibid.*

The Court found it unnecessary to decide the issue in that case. In another case released the same day, however, *Jones v. State,* 206 Tenn. 245, 332 S.W.2d 662 (1960), the Court held that it was not error for the trial judge in a felony case to insist upon the impaneling of a jury. After quoting the various constitutional guarantees regarding a jury trial, the Court said:

"Neither of these provisions expressly provides for or prohibits a waiver of the rights conferred. The bench and bar of this State, however, has tended to assume that there could be no waiver of these rights, due, no doubt, to the fact that at common law there could be no waiver of such right, i.e., trial by jury and by reason of the esteem and sanctity in which this right has always been held and regarded." 206 Tenn. at 252, 332 S.W. at 665–66.

Earlier the Court had sustained statutes permitting waiver of jury trials in misdemeanor cases and the imposition of a fine up to fifty dollars. *State v. Simmons,* 199 Tenn. 479, 287 S.W.2d 71 (1956). However, in the *Jones* case, *supra,* involving a felony, the Court said:

"Since there is no such statute on our books, however, we think the trial judge was not in error in refusing this request for a waiver of a trial by jury and the assignment is overruled." 206 Tenn. at 254, 332 S.W.2d at 666.

Thereafter, and apparently as a partial outgrowth of these cases, the General Assembly enacted Tennessee Public Acts 1965, ch. 49, expressly permitting an accused in a felony case to waive trial by jury and to submit his case to the trial judge for decision "both as to guilt and punishment" provided that this was seasonably done by motion filed by the defendant, that there was concurrence by the district attorney general, and that the motion was granted by the

Court.[7] The statute remained in effect until repealed in 1979, and part of its provisions were incorporated in Rules 5 and 23, Tennessee Rules of Criminal Procedure. This was the procedure utilized by appellee in the instant case.

Following its enactment, this statute was held constitutional by the Court in *Seale v. Luttrell,* 221 Tenn. 548, 428 S.W.2d 312 (1968). There the accused filed a motion to waive the jury and submit the case to the trial judge. The State concurred. The trial judge granted the motion and imposed a penitentiary sentence. On petition for habeas corpus the accused insisted that the statute authorizing waiver of jury trials in criminal cases was unconstitutional. Pointing out that the Court in *Jones v. State, supra,* had noted the absence of a statute authorizing such waiver, the Court said:

"It seems to us that the statute here in question was amended so as to meet the proposition just stated in the *Jones* case. We think there is no argument about the proposition and that a proper interpretation of the quotation just above from the *Jones* case is that one might waive a trial by jury and that such a waiver would be constitutional if there was a statute permitting the same." 221 Tenn. at 552, 428 S.W.2d at 313.

The Court noted that at common law an accused had no right to waive a trial by jury. *See Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). The Court held that nothing in either the state or federal constitutions prohibited the Legislature from conferring such a right, under appropriate safeguards, and these were found to have been provided in the 1965 legislation.

Accordingly, since the 1965 act the right to waive a jury trial in felony cases has been regarded as "settled law." *State v. Johnson,* 574 S.W.2d 739, 741 (Tenn.1978).

Neither the *Seale* nor the *Johnson* case, *supra,* however, specifically involved Article VI, Section 14, with respect to the imposition of fines. The 1965 legislation did not refer to that subject, although it did permit waiver of a jury trial and submission of a felony case to the trial judge for decision "both as to guilt and punishment," under the conditions above referred to.

Prior to the present case it has never been specifically held by this Court that the trial judge could impose a fine exceeding fifty dollars. The practice of doing so was at least implicitly recognized in *Capri Adult Cinema v. State,* 537 S.W.2d 896 (Tenn. 1976). In that case corporate defendants and an individual defendant had reached a plea agreement with the trial court, and an order had been entered signed by them and by their counsel as follows:

"After being advised of all rights regarding the Court fixing a fine in excess of $50.00, the Defendants expressly waive all constitutional provisions and agree for the Court to fix a fine in excess of $50.00."

Subsequently the trial court had imposed such a fine, which was paid. Thereafter the Act under which the fine was imposed was held unconstitutional, and the corporate parties sought to recover the same by filing the record in this Court for review on writ of error. Recovery was denied for reasons stated in the opinion. There was a dissent, but neither the majority opinion nor the dissent raised any question concerning the procedures which had been followed or the imposition of the fine by the trial judge. The parties themselves had not presented such a question, nor did they attempt to revoke the waiver which they had executed.

While that case does not stand as strong authority for the imposition of a fine in excess of fifty dollars, since the issue was not raised by the parties or by the Court, it does reflect an understanding among practitioners and trial judges at the criminal bar that since 1965 it has been possible to waive a jury trial in felony cases and for the trial judge to impose both fines and penitentiary sentences. Such also was the understanding of the Advisory Committee to this

---

7. See T.C.A. § 40–2504 (now repealed).

Court which drafted the Rules of Criminal Procedure, and their comment to Rule 5 so indicates.

### D. *Our Conclusions*

We are persuaded that many, if not most, of the earlier decisions of the Court rested to a substantial degree upon uncertainty as to the right of an accused to waive the jury in criminal cases. That right was later clearly established by statute both in felony and misdemeanor cases.[8]

We agree with the statement in *France v. State,* 65 Tenn. 478, 485 (1873), that the provisions of Article VI, section 14, of the state constitution are "manifestly an amplification" of the fundamental guarantee against the imposition of excessive fines found in Article I, Section 16. As such, they are part of the rights guaranteed to an accused and are for his benefit and protection. If he sees fit to waive them, we are of the opinion that such waiver is permissible, provided that it is done in accordance with safeguards provided by both the constitution and implementing statutes or rules of criminal procedure, and that such waiver should be given effect.

In view of these statutes and rules, *Metzner v. State,* 128 Tenn. 45, 157 S.W. 69 (1913), and its progeny are no longer binding insofar as they hold that the provisions of Article VI, Section 14, are limitations upon the power of the trial court which cannot be waived by an accused.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is reinstated at the cost of appellee.

FONES, C.J., and COOPER, BROCK and DROWOTA, JJ., concur.

---

**8.** As to misdemeanors, see Tenn.Pub.Acts 1939, ch. 68, later codified as part of T.C.A. § 40–2504 (now repealed). Like the statute governing felony cases, the provisions of the misdemeanor statutes were carried into Rules 5 and 23, Tennessee Rules of Criminal Procedure. *See also* T.C.A. § 40–20–105, codifying Tenn. Pub.Acts 1947, ch. 82, permitting a non-jury trial, after waiver, "both as to guilt and punishment."