IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1996 SESSION

FILED

July 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 03-C-01-9503-CR-00107 |
| | ) | |
| APPELLEE, | ) | Carter County |
| | ) | |
| v. | ) | Lynn W. Brown, Judge |
| | ) | |
| DANIEL G. HAMPTON, | ) | (DUI, Driving on a Revoked |
| | ) | License, and Violation of |
| APPELLANT. | ) | Implied Consent Law) |

FOR THE APPELLANT:

Daniel G. Hampton, pro se
Route 8, Box 1885
Elizabethton, TN 37643

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter
450 James Robertson Parkway
Nashville, TN 37243-0497

Darian B. Taylor
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

David E. Crockett
District Attorney General
Route 19, Box 99
Johnson City, TN 37601

Steven R. Finney
Asst. District Attorney General
Carter County Courthouse Annex
Elizabethton, TN 37643

OPINION FILED: _____

AFFIRMED

JOE B. JONES, PRESIDING JUDGE

# O P I N I O N

The appellant, Daniel G. Hampton, was convicted of driving under the influence, second offense, a Class A misdemeanor, two counts of driving on a revoked license, Class B misdemeanors, and violation of the implied consent law by a jury of his peers. The trial court sentenced the appellant to eleven months and twenty-nine days in the Carter County Jail with all but seventy days suspended for the driving under the influence, second offense; six months suspended in the Carter County Jail for driving on a revoked license on April 9, 1994 which was ordered to run concurrently with the other sentences; and six months in the Carter County Jail with all but twenty days suspended for driving on a revoked license on April 1, 1994 which was ordered to run consecutively to the driving under the influence, second offense conviction.

The appellant appeared pro se at trial and on appeal. In this Court, the appellant contends that the evidence contained in the record is insufficient, as a matter of law, to support a finding by a rational trier of fact that he was guilty of driving on a revoked license. He challenges the authority of the Tennessee Highway Patrol to conduct roadblocks. He claims he was denied his constitutional right to a trial by a jury. Finally, the appellant claims he was denied a fair trial. After a thorough review of the record, the briefs of the parties, and the law governing these issues, this Court is of the opinion that the convictions and sentences should be affirmed.

## FACTS

On the evening of April 9, 1994, the appellant was stopped at a Tennessee Highway Patrol roadblock in Elizabethton, Tennessee. The appellant had bloodshot eyes, an odor of an intoxicating beverage on his breath, and his speech was "just a little bit slurred." An alcohol detection device called a passive alcohol sensor indicated a strong presence of alcohol coming from the appellant's vehicle. The sensor indicated that the sample of air was .10 or above. Tennessee Highway Patrol Officer Glover administered field sobriety tests. The horizontal gaze nystagmus test resulted in nystagmus during smooth pursuit

1

and at maximum deviation with the angle of onset at approximately 45 degrees. While performing the HGN test, the appellant was unsteady on his feet. He swayed back and forth. He refused to perform the one-leg-stand test and the walk-and-turn test due to an alleged pulled hamstring muscle in his leg. Based upon his observations and training, Trooper Glover believed the appellant was under the influence of alcohol.

The appellant was read the implied consent form. He advised the state trooper that he would not submit to a chemical breath test. The appellant's refusal to submit to a breath test was admitted at trial. Appellant signed a written waiver of his right to an attorney and voluntarily and knowingly exercised his right to self-representation.

## SUFFICIENCY OF THE EVIDENCE FOR DRIVING ON A REVOKED LICENSE

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding of the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d

2

474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

The appellant argues that the evidence was legally insufficient to support a guilty verdict on the charges of driving a motor vehicle after his driver's license was revoked because (1) the state could not revoke his license when he consciously let the license expire, and (2) he did not have the criminal intent to violate the law because he was unaware that his driver's license had been revoked.

The custodian of the Tennessee State Driving Records for the Department of Highway Safety in Nashville testified that the appellant's license was revoked on June 17, 1986. The appellant's license was on revoked status when he committed the offenses.

Tenn. Code Ann. § 55-50-504(a)(1) makes it illegal for any person to drive a motor vehicle on any public road "when the person's privilege to do so is canceled, suspended, or revoked. . . ." Tenn. Code Ann. § 55-50-102 (42) defines "Revocation of driver license" as "the termination . . . of a person's driver license or privilege to operate a motor vehicle on the public highways." Here, the appellant intended to drive his car knowing that his right to operate a motor vehicle had been terminated by the state. The fact that appellant did not know or understand that the law proscribed the conduct he intentionally undertook provides no legal excuse. State v. Hayes, 899 S.W.2d 175, 182 (Tenn. Crim. App.), per. app. denied (Tenn. 1995); State v. Anderson, 894 S.W.2d 320 (Tenn. Crim. App. 1994).

This issue is without merit.

3

## LEGALITY OF THE ROADBLOCK

Tenn. R. Crim. P. 12 (b)(3) requires that all motions to suppress be filed prior to the day of the trial. State v. Aucoin, 756 S.W.2d 705, 709 (Tenn. Crim. App.), cert. denied, 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 845 (1989). The appellant filed a motion to suppress on September 22, 1994, prior to the September 27, 1994 trial. However, appellant did not get a motion date for a suppression hearing on the motion. Rather, appellant wanted his motion heard on the day of trial. The trial court informed the appellant that he was required to schedule a hearing so the motion could be heard prior to trial. As such, the appellant has waived this issue. Tenn. R. Crim. P. 12(f); Tenn. R. App. P. 36(a). An accused who validly asserts his constitutional right to represent himself does so at his own peril. Faretta v. California, 422 U.S. 806, 835-36, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).

The trial court considered the motion to suppress while the jury was excused. Appellant's motion to suppress raised the following issue:

> Defendant's Fourth Amendment rights were violated due to an unconstitutional/unlawful stop by said named officer, without probable/reasonable cause in a "D.U.I. Sobriety Checkpoint Roadblock". Defendant also holds that a Tennessee Statute granting authorization for such an unlawful stop does not exist.

The trial court denied the motion.

The Tennessee Highway Patrol, with the help of local officers, was conducting a roadblock as part of a program called "Checkpoint Tennessee," which is sponsored by the Tennessee Department of Safety. The officers stopped all vehicles traveling towards and traveling away from Elizabethton on Highway 67. Once stopped, the officers checked the drivers' licenses, vehicle registration, and looked for signs of intoxication. If there was no indication that the driver had been drinking and the driver had a valid driver's license and registration, he or she was allowed to drive away. However, if the officer developed a reasonable suspicion that the driver had been drinking, he or she was detained for investigation of driving under the influence.

The appellant alleges that roadblocks are illegal because they are conducted

without a suspicion of wrong-doing.  However, the United States Supreme Court has held that such stops do not violate the Fourth Amendment.  Michigan Dept. of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990).  Article I, Section 7 of the Tennessee Constitution is interpreted no differently than the Fourth Amendment in the context of suspicionless roadblock stops.  State v. Sarah Hutton Downey, Hamilton County No. 03-C-01-9307-CR-00221 (Tenn. Crim. App., Knoxville, October 10, 1995), per. app. granted (Tenn., April 1, 1996).  Given the strong interest of the state in preventing drunk driving, the minimal intrusion imposed on individuals stopped in this roadblock, and the lack of officer discretion in deciding which vehicles to stop, this roadblock did not violate the Tennessee or United States Constitutions.

The appellant also argues that no law exists which authorizes the Highway Patrol to conduct these roadblocks.  Tennessee Highway Patrol Officers have the statutory duty to enforce all laws regulating the use of Tennessee Highways.  Tenn. Code Ann. § 4-7-104.  This would obviously include laws against drunk driving.  There are no laws prohibiting the use of roadblocks for drunk driving detection.

This issue is without merit.

**NOTICE OF THE CHARGES**

The appellant complains that despite repeated requests of the trial court and the assistant district attorney general, he was never offered laws or statutes to inform him of "the nature and cause of the accusations."  Based on the transcript of the proceedings, the appellant's main complaint is that when the trial court denied his motions to suppress and to dismiss, it did not cite an exact statute or case law that the appellant was charged with violating.

The transcript indicates that the appellant was furnished with a copy of the indictment which contained all of the charges against him prior to trial.  Each count identified the specific statute the appellant was charged with violating.  A review of the indictments indicates adequate notice of the charges facing the appellant.  See State v. Mayes, 854 S.W.2d 638, 640 (Tenn. 1993); State v. Sowder, 826 S.W.2d 924, 928 (Tenn.

5

Crim. App. 1991), <u>cert</u>. <u>denied</u>, __ U.S. __, 114 S.Ct. 229, 126 L.Ed.2d 184 (1993).

This issue is without merit.

## RIGHT TO WAIVE A TRIAL BY JURY

The appellant claims that the trial court required him to be tried by a jury over his objection. The only evidence in the record that the appellant waived his right to a trial by jury appears at the motion for new trial. The appellant recalled that at his arraignment he "simply made the statement that [he] did not feel a jury was necessary" and was then told by the judge "[w]e're going to have a trial by jury." The court did not remember this conversation. The appellant admitted that he never filed a written motion to waive the jury trial. The record supports this assertion. Absent a written waiver of the right to a trial by jury, the court must provide a trial by jury. Tenn. R. Crim. P. 23(a); <u>State v. Bobo</u>, 814 S.W.2d 353, 359 (Tenn. 1991) (citing <u>State v. Durso</u>, 645 S.W.2d 753, 758 (Tenn. Crim. App. 1983)).

This issue is without merit.

## DUE PROCESS

The appellant claims that he was denied a fair trial because he did not know the trial would start the same day the jury was selected. However, the record does not contain a defense motion for continuance. Nor does the record indicate that the appellant's lack of preparation was brought to the attention of the trial court. Appellant's brief, which was filed on November 17, 1995,[1] indicates that he did not present a defense in the trial court because he mistakenly believed he could introduce facts in this Court. This issue is therefore waived. Tenn. R. App. P. 36(a); <u>State v. McPherson</u>, 882 S.W.2d 365, 373 (Tenn. Crim. App.), <u>per</u>. <u>app</u>. <u>denied</u> (Tenn. 1994); <u>State v. Gregory</u>, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993); <u>State v. Thomas</u>, 818 S.W.2d 350, 364 (Tenn. Crim. App.), <u>per</u>. <u>app</u>. <u>denied</u> (Tenn. 1991).

---

[1]The appellant filed three appellate briefs in this case.

6

The appellant also argues that his trial was fundamentally unfair because the trial court refused to consider the law cited in the appellant's motion to suppress. As a result, the appellant chose to "stand mute" during the trial.

The appellant's decision to "stand mute" during the trial was a knowing and voluntary choice. The appellant was not denied the opportunity to present his case, cross-examine witnesses, or appeal the judge's rulings of law. Moreover, the appellant executed a written waiver of the right to counsel. The appellant felt it in his best interest to represent himself even after all the verdicts in this case except the second offense of driving under the influence were returned. The following colloquy took place in regards to additional charges of driving on a revoked license:

> The Court: [Y]ou have the -- the same three choices regarding representing yourself, hiring an attorney, or asking the Court to appoint you an attorney as we -- as I explained the last time. . . . [W]hat do you want to do in that case regarding a lawyer?
>
> Appellant: Represent myself.
>
> The Court: And, state for the record why you want to do that.
>
> Appellant: I feel it's my best interest.
>
> The Court: [A]re you still under the belief what you told me about Abraham Lincoln?
>
> Appellant: Oh, I still believe that.
>
> The Court: What -- what did Mr. Lincoln say?
>
> Appellant: He said, anyone who has a -- anyone who represents himself in a court of law has a fool for a client, and Abraham Lincoln was an attorney.
>
> The Court: This is true. So, you understand that -- that you are -- are held to all of the technical knowledge -- Rules of Evidence, Rules of Procedure that -- that a lawyer would be?
>
> Appellant: Yes, sir.

The trial court took extra precautions to assure a fair trial. The court sua sponte excluded testimony elicited by the state that was objectionable. In short, the appellant was not denied a fair trial.

This issue is without merit.

_____

JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____

JOHN H. PEAY, JUDGE

_____

DAVID H. WELLES, JUDGE

8